## HAZELTINE RESEARCH, Inc., v. GENERAL MOTORS CORPORATION.

Nos. 2426, 2436.

District Court, E. D. Michigan, S. D.

June 23, 1947.

Leonard A. Watson and Laurence B. Dodds, both of New York City, and Whittemore, Hulbert & Belknap, of Detroit, Mich., for plaintiff.

Fred E. Jones, of Detroit, Mich., and Cooper, Kerr & Dunham, Stephen H. Philbin and C. Blake Townsend, all of New York City, for defendant.

LEDERLE, District Judge.

1. These actions involve the validity and infringement of Claims 1, 2, 3, 5, 6 and 8 of Wheeler Patent No. 1,951,685, hereafter referred to as the '685 patent, which issued March 20, 1934, on a "Peak Detector" for radios, and Claims 1 to 12, inclusive, of Wheeler Patent No. 2,041,273, hereafter referred to as the '273 patent, which issued May 19, 1936 for "Amplifier Volume Control". Both patents are based upon an application, Serial No. 203,879, filed July 7, 1927, by Harold A. Wheeler. The Complaints, alleging defendant's infringement of these patents, were filed in January, 1941, by Hazeltine Corporation. By consent, Hazeltine Research, Inc., assignee of Hazeltine Corporation, and present owner of the patents, was substituted as plaintiff. At the request of both parties, trial was delayed for the duration of the war. The cases were thereafter consolidated for trial, and trial was concluded April 22, 1947. The patents in suit are closely related, as is the prior art, and, therefore duplicate findings of fact and conclusions of law will be filed in each case.

2. Mr. Wheeler received his degree of Bachelor of Science in Physics from Georgetown University in 1925, and then continued his studies at John Hopkins University. He was particularly interested in radio, and had built a radio transmitter and receiver prior to 1924. During the latter part of 1925, he designed and constructed a radio receiver he considered to be superior to any such device then known. This receiver, referred to in record as the "Washington Receiver," was demonstrated in January, 1926.

3. On July 7, 1927, Wheeler filed his application, serial number 203,879, describing all of the features of his Washington Receiver. This application was assigned to plaintiff's predecessor corporation. Under the guidance of skillful patent counsel, on the basis of this one application and divisions and continuations thereof, plaintiff's predecessor corporation secured the following seven patents, each containing numerous claims, all based upon the combination embodied in the Washington Receiver, viz.:

| Patent No. | Issue Date | Title |
|---|---|---|
| 1,879,861 | Sep. 27, 1932 | Volume Control |
| 1,879,862 | Sep. 27, 1932 | Volume Control |
| 1,879,863 | Sep. 27, 1932 | Volume Control |
| 1,951,685* | Mar. 20, 1934 | Peak Detector |
| Re. 19,744 | Oct. 29, 1935 | Volume Control |
| 2,041,273* | May 19, 1936 | Amplifier Volume Control |
| 2,080,646 | May 18, 1937 | Visual Resonance Indicator |

* Here in suit.

140

The claims of these various patents are couched in such language as to make it extremely difficult for the mere mechanic skilled in the art to determine where one patent begins and another leaves off.

Figures 1 and 2 of the '685 patent in suit are substantially identical with their counterparts in the original application. The application of this '685 patent, serial number 526,857, was filed April 1, 1931, as a continuation in part of the original application. The application for the '273 patent in suit was filed August 27, 1932, as a division of the original application. Figures 1, 2, 3, and 4 of the '273 patent are substantially identical with their counterparts in the original application. The accompanying descriptions in the specifications of both of these patents are substantially identical with that appearing in the original application.

4. Originally, Wheeler claimed the principal novelty disclosed in his Washington Receiver was the automatic volume control covered by patent 1,879,863. This patent was involved in litigation in the District Court for the Eastern District of New York in 1934. See Hazeltine Corp. v. R. E. B. Service Corp., D.C., 8 F.Supp. 100. At that time Judge Campbell carefully reviewed the prior art, part of which is relied upon in the instant cases, and found that the patent was not a pioneer and was entitled to only a narrow range of equivalents, dismissing the complaint on the ground of noninfringement. In 1934, this patent was also carefully considered by Judge Galston in the Eastern District of New York. See Hazeltine Corp. v. Abrams, D.C., 7 F.Supp. 908. He held all of the claims in suit void for want of invention. This decision was affirmed by the Second Circuit Court of Appeals in Hazeltine Corp. v. Abrams, 2 Cir., 79 F.2d 329.

In the Abrams suit, as here, plaintiff claimed that the commercial success achieved by Wheeler's alleged invention and the fact that there had been a long-felt need for the disclosed improvement support plaintiff's contention that the patent disclosed a real invention. In this connection, Judge Learned Hand, speaking for the Second Circuit Court of Appeals, stated, on page 332 of 79 F.2d: "As to both we may concede that when an invention would have been welcome for a long time after all obstacles to its appearance had been satisfied, or that when the period is short, if a number of others have tried and failed, it makes more probable the conclusion that the change demanded more than common ability. But neither alternative is true here. Wheeler stands upon Affel; and he cannot point to a number of later efforts, or to the lapse of much time before his own work. Especially in the radio art is it dangerous to be impressed by new details; the subject is all very unfamiliar to us; we must proceed quite in the dark, guided only by the interested advice of those whose conclusions we are personally unable to check, as we sometimes can in the mechanical arts. The industry has been the object of an amazingly assiduous ingenuity; and we are to suppose that many permutations will appear spontaneously from the constant efforts of numerous competent experimenters. True, this may be used as especial evidence of invention when the need is old and the success striking, but it counts strongly against novelty merely as such. We have had occasion to speak of this before in this very art. Technidyne Corp. v. McPhilben-Keator, [2 Cir.], 72 F.2d 242. We put this patent down as one of those step by step advances, not beyond the compass of capable investigators who run down every lead, and cull out those which appear advantageous. It might be desirable to promote such activities by limited monopolies, but that is not the law; patents do not go to patient and exhaustive experiment; they are the reward of exceptional talent."

After the decision in the Abrams case, all of the claims in the patent there involved were disclaimed, and an application was filed for a reissue, which culminated in the Reissue Patent No. 19,744.

Plaintiff's predecessor corporation brought suit in this district for infringement of this Reissue Patent No. 19,744 which was decided December 26, 1939, holding all claims in suit, 1-7 and 9-13, inclusive, valid and infringed. Claim 8 was not in suit. On appeal, the Sixth Circuit Court

of Appeals affirmed. See Detrola Radio & Television Corp. v. Hazeltine Corp., 6 Cir., 117 F.2d 238. This decision was reversed by the Supreme Court in Detrola Radio & Television Corp. v. Hazeltine Corp., 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319. After a full consideration of the prior art and a consideration of the opinions of the Second and Sixth Circuit Courts of Appeal, the Supreme Court, speaking through Mr. Justice Roberts, stated, on page 269 of 313 U.S., 61 S.Ct. 952: "We conclude that Wheeler accomplished an old result by a combination of means which, singly or in similar combination, were disclosed by the prior art and that, notwithstanding the fact he was ignorant of the pending applications which antedated his claimed date of invention and eventuated into patents, he was not in fact the first inventor, since his advance over the prior art, if any, required only the exercise of the skill of the art."

5. At or about the time the two complaints involved in the instant suits were filed, plaintiff's predecessor corporation filed another complaint charging this present defendant with infringement of its Wheeler Reissue Patent No. 19,744. After the claims of this patent, except Claim 8 not in suit, were found to be invalid by the Supreme Court in the Detrola case, such complaint was dismissed with prejudice upon the stipulation of the parties. The alleged invention covered by Claim 8 of this patent is not involved in the instant suits.

6. The patents in suit were based upon the same disclosure and described the same machine as was involved in the Detrola case. All of the physical elements involved in these present suits were part of the machine involved in the Detrola case. The proportionings of these physical elements were the same, and they operated in the same manner.

In view of the fact that this Washington Receiver was discussed in detail in each of the court opinions heretofore referred to, it would serve no useful purpose to again describe that device.

7. In compliance with the pretrial orders entered in these cases, a glossary of technical terms was furnished to the court. The experts for the parties collaborated in the preparation of this glossary, and both parties agreed upon the definitions set forth therein, including the statement that automatic volume control and automatic amplification control mean the same thing.

8. The specifications of the two patents in suit, as well as of the other five patents issued on the same application, covering many pages, were certainly not all necessary to enable any person skilled in the art to construct and use the machine.

Here, as in the Detrola case, Professor Louis Alan Hazeltine and Mr. Wheeler acted as expert witnesses for the plaintiff. Mr. Leo A. Kelley testified for the defendant. Much of the testimony of these witnesses relate to the functions of the various elements involved in the devices disclosed and the results achieved by them. There could be no dispute between the parties as to the elements involved for they were all disclosed in Fig. 1 of each of the patents, which was the same as Fig. 1 of the original application. The principal advantage claimed for the '685 patent is set forth in the patent as follows: "It is impossible to overload this type of rectifier, and the rectified output voltage is directly proportional to the applied alternating signal voltage when this voltage is large, say, over two volts. The control system in the circuits of the figures referred to requires a large operating voltage, say, ten volts, so that the latter condition of large signal voltage is realized."

In the '273 patent, the advantages of the device claimed are set forth as follows: "There are advantages attending the use, in connection with the present invention, of the two-electrode rectifier circuit typified by Figs. 1 and 3, which may not be apparent from the foregoing discussion. It is impossible to overload this type of rectifier, and the rectified output voltage is directly proportional to the applied alternating signal voltage when this voltage is large, say, over two volts."

Considering substantially the same arguments of the patentee as to the advantages of the claims of Wheeler patent involved in the Detrola case the Supreme Court found, on page 267 of 313 U.S. 259,

61 S.Ct. 951, 85 L.Ed. 1319, "There can be no question that the patents cited as prior art disclose the accomplishment of linear response. The curve exhibited in Wheeler's drawings to illustrate the result of the use of his system is duplicated in similar curves by Affel and Friis. It cannot be claimed, therefore, that Wheeler has accomplished a new result. At most he can have obtained an old result by new means."

9. The advance over the prior art, if any, disclosed in the two patents in suit is much less than was disclosed in the Detrola case. Applying the standard of invention established by that case in the radio field, it is obvious that all Wheeler did was to accomplish an old result by a combination of means which singly or in similar combination were disclosed by the prior art. None of the claims in suit of either patent discloses an advance over the prior art beyond that which could be accomplished by a mechanic skilled in the art. All of the claims in suit are void for want of invention.

### Conclusions of Law

■ 1. This court has jurisdiction of this action as one arising under the patent laws of the United States. 28 U.S.C.A. § 41(7).

■ 2. Where, as here, it appears that a patentee has merely accomplished an old result by a combination of means which, singly or in similar combination, were disclosed by the prior art, and the patentee has made no advance over the prior art beyond that which would be accomplished by a mechanic skilled in the art, there is no patentable invention. 35 U.S.C.A. § 31; Detrola Radio, etc. Corp. v. Hazeltine Corp., 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319; Cleveland Punch & Shear Works v. Bliss Co., 6 Cir., 145 F.2d 991.

■ 3. Consequently, the complaints must be dismissed upon the merits, and judgments to this effect are being entered simultaneously herewith.

### Judgment for Defendant

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby ordered and adjudged that the complaints in each of these cases, be and each is hereby, dismissed on the merits because the claims in suit are invalid for want of invention.

It is further ordered and adjudged that the defendant may tax costs herein, for which execution may issue.